In the United States District Court
For the Eastern District of Texas
Lufkin Division

| | | |
|---|---|---|
| Janice Dean | § | |
| | § | Civil No. 9:17-cv-00150 |
| VS. | § | |
| | § | Jury Demand |
| Tyson Foods, Inc. | § | |

## Original Complaint

Janice Dean, Plaintiff, sets forth her Amended Complaint for damages against Tyson Foods, Inc., Defendant, and for cause of action would show as follows:

## 1. Parties

1.1    Plaintiff, Janice Dean ("Ms. Dean"), is a resident and citizen of the State of Texas.

1.2    Defendant, Tyson Foods, Inc., ("Tyson") is a Delaware corporation doing business in the State of Texas and may be served by serving its registered agent CT Corporation System at 1999 Bryan St., Ste. 900 Dallas, TX 75201-3136.

## 2. Jurisdiction and Venue

2.1    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332.  The Plaintiff and Defendant are citizens of different states and Plaintiff seeks damages in an amount that exceeds the sum or value of $75,000, exclusive of interest and costs.

2.2    Personal jurisdiction and venue are proper because the cause of action accrued and the negligent acts occurred within the Eastern District of Texas.  Furthermore, Tyson

has a significant presence in the Eastern District of Texas as it has facilities located in the area.

**3.  Facts**

3.1     Tyson operates a poultry processing plant in Panola County located at 1484 NE Loop, Carthage, TX 75633.

3.2     Ms. Dean worked on "the line" in the whole chickens division of Tyson foods. Ms. Dean was forced to endure intolerable working conditions. The area where she worked required her to stand for eight hours with little to no support to help her from injuring her feet, legs, back, or any other body part from the toll of standing for such long periods. This is exacerbated by the fact that the only mats that are provided are too thin, are constantly wet, and rarely replaced. Under these conditions the mats provide little if any protection from the hard concrete floors.

3.3     Additionally, there is no reprieve from the constant pressure on her body when she switches tasks. Each person that works on the line is responsible for one of four tasks that are all done within a few feet of each other. The employees simply take one step down the line and begin the next task. There isn't even the ability for her to stretch or find a different position between tasks.

3.4     During the course of her employment and while in the course and scope of her job with Tyson, Ms. Dean sustained serious and permanent injuries from the repetitive work that she was required to do.

2

3.5     Tyson was aware of the danger posed to people, like Ms. Dean, who work on the line and are required to stand in one area for extended periods of time and do repetitive tasks. Tyson was aware of the range of means available to to prevent its employees from needless exposure to these hazards, including having previously used mats that were more effective.   At no time before Ms. Dean suffered the injury had Tyson ever provided her training, safety policies or procedures, equipment, clothing or solution that would have protected her from the dangerous conditions that injured her.

3.6     Tyson's failure to provide a safe workplace led to Ms. Dean sustaining a range of injuries from nerve pain, neck pain, pains throughout her arms and legs, and migraines. Specifically, Ms. Dean has been diagnosed with injuries from her C1 vertebrae to C7, T1 through T4, L2 through L5, and her pelvis. She was also diagnosed with:

- Radiculopathy, lumbosacral region
- Segmental and somatic dysfunction of lumbar region
- Segmental and somatic dysfunction of the cervical region
- Low back pain

3.7     Ms. Dean had made Tyson personnel aware of her deteriorating condition, but received little to no help from the medical staff or her supervisors. The dangerous conditions, and Tyson's failure to provide medical assistance to Ms. Dean has led to chronic, worsening, and evolving injuries.

## 4.  Legal Status of the Parties

4.1     Tyson was not a subscriber to a policy of workers compensation insurance,

and thus Plaintiff brings this suit for damages under the provisions of Section 406.033 of the Texas Labor Code for personal injuries while in the course and scope of her employment with Defendant.

4.2     Tyson, as a non-subscriber under the Texas Workers' Compensation Act, and pursuant to Section 406.033 of the Texas Labor Code, has lost its common law defenses of:

    a.      contributory negligence of Plaintiff;

    b.      that the injury was caused by the negligence of a fellow employee; and/or

    c.      that the Plaintiff assumed the risk of the injury incident to her employment.

4.3     Furthermore, Tyson was the owner of the property where the incident occurred or otherwise was in control of the property.  Under Texas common law, as Tyson's employee at its Carthage facility, Ms. Dean was also its invitee at the time the injury occurred. The plaintiff went on defendant's premises for the mutual benefit of herself and the defendant, upon the invitation of employment at the property in question.

## 5.  Action for Damages

Ms. Dean adopts and incorporates by reference the preceding Paragraphs 1 through 4.3 as if fully stated within this section.

### 5.1 *Employer Negligence*

5.1.1    On the occasion in question, Tyson owed Ms. Dean a duty of care commensurate with its relationship to her as her employer. As her employer, Tyson owed

Ms. Dean continuous, non-delegable duties to use ordinary care in providing a safe workplace, hiring competent co-employees, providing needed safety equipment or assistance, warning Ms. Dean of the hazards of her employment, providing safety regulations, and providing training and supervision.

5.1.2   Ms. Dean sustained her severe and permanent injuries because of Tyson's negligence and gross negligence when Tyson and/or their employees negligently:

- failed to provide a safe workplace;
- failed to provide rules and regulations for the safety of employees, and to warn them, under certain conditions, as to the hazards of their positions or employment;
- failed to hire competent employees;
- failed to furnish reasonably safe instrumentalities with which its employees are to work;
- failed to supervise its employees;
- failed warn Ms. Dean of the hazards of working on the line;

5.1.3   Tyson's breach of its duty to use ordinary care constituted negligence and was a proximate cause of Ms. Dean's injuries.

**5.2   *Premises Defects***

5.2.1   Additionally, as the property owner, Tyson Food owed Ms. Dean (its invitee) the duty to exercise ordinary care to keep the premises in reasonably safe condition, inspect the premises to discover latent defects, and make safe any defects or give an adequate warning.

5.2.2   Tyson's conduct, and that of its agents, servants, and employees, acting within

the scope of their employment, constituted a breach of the duty of ordinary care owed by Tyson to Ms. Dean.

5.2.3    Upon information and belief, Tyson knew that the condition on its premises created an unreasonable risk of harm to invitees because Tyson knew of the dangers of working a job that requires standing for long durations and performing repetitive motions. Notwithstanding, Tyson should have known that the condition on its premises created an unreasonable risk of harm to invitees because enduring hazardous conditions had been present for such a long period of time that Tyson should have known of them in the exercise of ordinary care.

5.2.4    Tyson failed to exercise ordinary care to reduce or eliminate this risk by failing to maintain the floor in a reasonably safe condition; by failing to provide adequate training or supervision; by failing to hire adequate employees to provide a safe workplace; or by failing to use the proper methods, tools, or procedures for the work Ms. Dean was doing to be safe.

5.2.5    Each of these acts and omissions, whether taken singularly or in any combination, was a proximate cause of the occurrence described above and of the plaintiff's injuries and damages described below.

**5.3 *Damages***

5.3.1    By virtue of the actions and conduct of the Defendant Tyson set forth above, Ms. Dean was seriously injured.  By reason of those injuries and the damages flowing from them this suit is maintained.

5.3.2   Because of the nature and severity of the injuries sustained, Plaintiff has suffered physical pain and mental anguish and, in reasonable probability, will continue to suffer physical pain and mental anguish in the future.

5.3.3   Plaintiff has suffered and will continue to suffer disfigurement, physical impairment, limitation of activities, and loss of enjoyment of life.

5.3.4   Because of the action and conduct of Defendant, Plaintiff has sustained very painful and disabling physical injuries which have caused her to sustain lost wages in the past and will cause her to sustain lost wages and a loss of wage earning capacity in the future.

5.3.5   Because of the nature and severity of the injuries sustained, Plaintiff has required medical treatment in the past and, in reasonable probability, will require other and additional treatment in the future.  Charges for such medical treatment that have been made in the past and those which will in reasonable probability be made in the future have been and will be reasonable charges made necessary by the occurrence in question.

**6.  Punitive/Exemplary Damages**

6.1     Ms. Dean adopts and incorporates by reference the preceding Paragraphs 1 through 5.3.5 as if fully stated within this section.

6.2     Tyson's acts and omissions give rise to gross negligence as defined by Chapter 41 of the Texas Civil Practice and Remedies Code.

6.3     Upon information and belief, Tyson, its principals, and/or its authorized agents knew of prior incidents caused by enduring hazardous conditions on the roof at the

Carthage facility, and repeatedly choose not to address, report, or resolve the problem in spite of its knowledge of the likelihood that the result would be a severe injury.

6.4    Tyson was grossly negligent, as that term is understood under Texas law, and such conduct was a proximate cause of Plaintiff's injuries.  Tyson's grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment of Defendant and its callous disregard for the safety of individuals such as Plaintiff, and as a deterrent to others from engaging in similar conduct.

6.5    When viewed objectively, Tyson's omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff. Defendant Tyson was subjectively aware of such risk.

6.6    Tyson is liable for punitive or exemplary damages resulting from its grossly negligent conduct because it:

- Authorized the doing and the manner of the acts and omissions in question;
- Recklessly employed personnel who were unfit, incompetent, and/or unqualified to perform the duties and tasks assigned to them;
- Employed personnel in managerial positions who were acting within the course and scope of their employment at the time the negligent acts and/or omissions occurred and failed to stop or prevent such acts and/or omissions; and/or
- Through its officers, managers, supervisors, or higher-level employees, ratified or approved the negligent acts and/or omissions in question.

6.7    Plaintiff therefore asks for punitive and exemplary damages in addition to all actual damages.

## 7.  Prejudgment Interest

7.1     Plaintiff would additionally show that she is entitled to a recovery of pre-judgment interest in accordance with law in equity as part of her damages herein, and Plaintiff here and now sues for a recovery of prejudgment interest from the date of the occurrence made the basis of this suit until the date of the judgment herein as provided by law in equity, under the applicable provisions of the laws of the State of Texas.

## 8.  Jury Trial Requested

8.1     Plaintiff requests a jury trial in this matter.

## 9.  Prayer

9.1     WHEREFORE, PREMISES CONSIDERED, Plaintiff, Janice Dean, prays that Defendant be cited to appear and answer herein and that upon the trial hereon, Plaintiff have judgment against Defendant for her damages as aforesaid, for prejudgment interest, for interest on the judgment, for costs of court and for such other and further relief, special and general, at law or in equity, to which Plaintiff may show herself justly entitled to receive.

Respectfully submitted,

**VB Attorneys**

/s/ Vuk S. Vujasinovic

_____

**Vuk S. Vujasinovic**
Tx No. 00794800
Vuk@vbattorneys.com
JobTennant
Tx No. 24106501
Job@vbattorneys.com
6363 Woodway Dr., Suite 400
Houston, Texas 77057

713.224.7800
713.224.7801 fax

Attorneys for Plaintiff, Janice Dean